# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00080-CV

**Janet Kennedy and Alamo Ranch, Inc., Appellants**

**v.**

**Bobby Joe Kennedy, et al., Appellees**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
## NO. 05-1769, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## NO. 03-06-00099-CV

**In re Janet Kennedy and Alamo Ranch, Inc.**

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

These causes arise out of appellant and relator Janet Kennedy's divorce from her ex-husband, appellee and real party in interest Bobby Joe Kennedy. This Court issued an opinion in the divorce case in December 2002 (cause number 03-02-00025-CV). Kennedy, on her own behalf and in the name of Alamo Ranch, Inc., filed a bill of review in Hays County, arguing that appellee had

defrauded her by concealing assets during the divorce.[1] Some time later, Kennedy filed a motion to transfer venue out of Hays County and asked the Multidistrict Litigation Panel to consolidate her cause with two other suits she had filed in Travis and Gillespie counties.[2] In February, Kennedy filed an objection to the assigned trial judge in Hays County.

On February 8, 2006, Kennedy filed a notice of interlocutory appeal (cause number 03-06-00080-CV), stating that she was appealing from the trial court's order sustaining appellees' contest to her affidavit of inability to pay costs.[3] On February 22, Kennedy filed a petition for writ of mandamus, prohibition, and injunction (cause number 03-06-00099-CV), asking this Court to order the trial court to allow her to proceed in the underlying proceeding as an indigent. In both her interlocutory appeal and original proceedings, she complains that the trial court's orders, signed after she objected to the assigned judge, were void. We denied the petitions on February 24. On that same day, we sent Kennedy a letter stating that it did not appear that we had jurisdiction over her interlocutory appeal. On March 13, Kennedy filed a motion asking this Court to reconsider her petition for writ of mandamus, and on March 23, she sent a letter explaining why she believed we have jurisdiction over the interlocutory appeal. On April 10, we received a reporter's record from the hearing at which the trial court sustained appellees' contest on Kennedy's indigence.

---

[1] Kennedy styled her suit "Janet Kennedy and Alamo Ranch, Inc. v. Bobby Joe Kennedy, et al." We will refer to appellants collectively as "Kennedy" and Bobby Joe Kennedy, et al. as "appellee."

[2] On March 13, 2006, the Multidistrict Litigation Panel denied Kennedy's motion to transfer. *See* Multidistrict Litig. Panel, *Order Denying Motion to Transfer*, No. 06-0197 (Mar. 13, 2006).

[3] On April 24, Kennedy filed a motion to amend her notice of appeal, stating that she wanted to appeal from the trial court's more recent orders finding that she is a vexatious litigant and requiring her to post bond to continue her case. We granted her motion on April 27, 2006.

In the interest of justice, we will grant Kennedy's motion for reconsideration of her petition for writ of mandamus and will consider whether the trial court abused its discretion in sustaining the contest. We will also examine whether the trial judge should have removed himself from the case and whether his orders are void. We will dismiss for want of jurisdiction Kennedy's interlocutory appeal in cause number 03-06-00080-CV.

**Was the Trial Judge Disqualified from Proceeding?**

Kennedy filed an objection to the assigned trial court judge under section 74.053 of the government code. Tex. Gov't Code Ann. § 74.053 (West 2005). An administrative region's presiding judge may assign judges "to hold court when necessary to dispose of accumulated business in the region." *Id*. § 74.052(a) (West 2005). Judges who may be assigned by the presiding judge include active district judges. *Id*. § 74.054(a)(1) (West 2005). A judge assigned by the presiding judge to a court in the same administrative region has a duty to serve in the court to which he is assigned, and he has "all the powers of the judge of the court to which he is assigned." *Id*. § 74.058(a), .059 (West 2005).

Kennedy argues that because the trial judge was elected to the criminal bench, he was unqualified to preside over her civil case, and contends that under section 74.053(b), the judge's removal is mandatory. *Id*. § 74.053(b) ("If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case."). However, section 74.053(e) provides that "[a]n active judge assigned under this chapter is not subject to an objection." *Id*. § 74.053(e). An "active judge" is "a person who is a current judicial officeholder," as opposed to retired or former judges. *Id*. § 74.041(4) (West 2005). The trial judge assigned to this court is Charles Ramsay, an active

3

judge. Therefore, he is not subject to an objection and has a duty to serve. Kennedy was not entitled to have the trial judge removed from the case. *See id*. § 74.053(e). Therefore, the trial court's orders entered after Kennedy's objection were not void.

## Affidavit of Indigence

We have reviewed the reporter's record from the hearing held on January 18, 2006, and we hold that the trial court did not abuse its discretion in sustaining appellee's contest to Kennedy's indigence. At the hearing, Kennedy testified that she was receiving "charity food, food stamps, Medicaid and any other charity I can get by" on and that she was "receiving disability payments" from the federal government. She stated that she received a total of about $2,100 a month, $1,600 from appellee's Navy retirement and $500 in government disability payments. Kennedy also stated that contrary to appellee's contention, there was no money in the court's registry available to her "without any conditions." Kennedy testified that the $2,000 a month she receives does not cover her expenses and sometimes does not leave her enough money to buy food.

Appellee testified that he attempted to deliver $494,314 to Kennedy after the divorce. He first sent her a check by certified mail and then attempted to have it handed to her by a process server, but she refused to accept it. He therefore filed the funds in the registry of the Hays County District Court. Appellee said that one of his attorneys had made a claim against Kennedy for approximately $27,000 of the money in the trial court's registry; the attorney's claim against Kennedy was set for trial on January 25. Appellee produced a bill of costs signed by a deputy clerk of the Hays County District Clerk's Office, stating that there was $494,855.94 on account in the divorce cause of action, which sum appellee claims belongs to Kennedy. Appellee further testified

4

that Kennedy also received approximately $1,600 a month, which is one-half of appellee's Navy retirement, and he said that in the Fall of 2001, Kennedy "received the $235,000" from the original division of property, but that he had not tendered that sum.[4]

After seeing proof that there was money in the court's registry, Kennedy testified that "just because someone puts up a large amount of money in your name, supposedly, a pauper can't just avail himself of those funds without questioning what the source is." She went on to say that she would not accept money "derived by fraud or forgery or against the stipulations of the divorce decree, and especially since I have filed this lawsuit, because if I had—if I touched that account, then I could no longer proceed with this lawsuit." She believed "that this is the reason why he's doing this. He's trying to tempt me to take funds so that I would no longer be able to proceed in this case."

The trial court sustained appellee's contest, ruling that Kennedy "is authorized to withdraw $400,000 out of the fund. If [Kennedy] attempts legally to withdraw the funds and the clerk refuses, I might reconsider." It is from this determination that Kennedy seeks relief.

Kennedy's affidavit states that she receives about $500 a month in disability and that "some months I receive 1/2 of military retirement check, but not every month." Her affidavit does not provide any information about her debts and monthly expenses. *See* Tex. R. Civ. P. 145. Therefore, the affidavit is not sufficient to show that she is in fact indigent. Further, the evidence at the hearing showed that Kennedy has access to approximately $400,000 in funds payable to her under the divorce decree and held by the court, and she does not cite to any authority showing that if she avails herself of some of those funds in order to pay legal fees and costs, she will not be able

---

[4] It is not clear whether the $235,000 was a separate award that Kennedy received at an earlier date or is part of the $494,855.94 being held by the court.

5

to maintain her claims in her other lawsuits. Based on this record, we cannot hold that the trial court abused its discretion in finding that Kennedy is not indigent.

The trial court's orders are not void, and the court did not abuse its discretion in sustaining appellee's contest to Kennedy's affidavit of indigence. Therefore, we deny Kennedy's petition for writ of mandamus.

### Interlocutory Appeal

Kennedy filed her notice of appeal, seeking to bring an interlocutory appeal from the trial court's orders (1) sustaining appellee's contest, (2) finding that Kennedy is a vexatious litigant, and (3) requiring her to post bond to keep her case on the docket. However, such orders are not properly made the subject of an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2005). The statute authorizing interlocutory appeals is a narrow exception to the general rule that only final judgments and orders are appealable, and we therefore give it a strict construction. *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 85 (Tex. App.—Austin 2004, pet. denied). Therefore, we dismiss the interlocutory appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Dismissed for Want of Jurisdiction

Filed: May 5, 2006